El Paso County - 448th District Court

Filed 7/25/2016 2:22:26 PM
Norma L. Favela
District Clerk
El Paso County
2016DCV2810

CAUSE NO._____

| | | |
|---|---|---|
| JORGE ALVARADO AND MARTHA ALVARADO, *Plaintiff*, | § § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | EL PASO COUNTY, TEXAS |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY *Defendant.* | § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jorge Alvarado and Martha Alvarado ("Plaintiffs"), and files this *Plaintiffs' Original Petition*, complaining of Allstate Vehicle and Property Insurance Company( "Defendant"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.2 and affirmatively pleas that this suit is governed by the expedited-actions process in Texas Rules of Civil Procedure 169.

### PARTIES

2. Plaintiffs Jorge Alvarado and Martha Alvarado are individuals residing in El Paso.

3. Defendant Allstate Vehicle and Property Insurance Company (hereinafter referred to as Allstate is an insurance company engaging in the business of insurance in the State of

Page 1



EXHIBIT
*tables*
β-1

Texas. This defendant may be served with process by certified mail, return receipt requested, by serving its Attorney for Service, CT Corporation System at 1999 Bryan St, Ste 900, Dallas, Texas 75201-3136.

## JURISDICTION

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs seek only monetary relief of $100,000.00 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees.

5.      The Court has jurisdiction over Defendant Allstate because this defendant is a domestic/foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

6.      The Court has jurisdiction over Defendant Hampson because this defendant is a citizen of the State of Texas and engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

7.      Venue is proper in El Paso County, Texas, because the insured property is situated in El Paso County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

8.      Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Allstate .

9.      Plaintiffs own the insured property, which is specifically located at 14745 Cactus View Ct.

Page 2

Horizon, TX 79928 in El Paso County (hereinafter referred to as "the Property").

10.     Allstate sold the Policy insuring the Property to Plaintiffs.

11.     On or about October 6, 2015, a hail storm and/or windstorm struck El Paso County, Texas, causing severe damage to homes and businesses throughout the region, including Plaintiffs' residence. Plaintiffs' roof sustained extensive hail and/or wind damage during the storm. Water intrusion through the roof caused significant damage throughout the entire property including, but not limited to, ceilings, wall, and insulation. Plaintiffs' property also sustained substantial structural and exterior damage during the storm, including but not limited to, the stucco siding, soffit, fascia and trim, as well as extensive damage to the windows, window screens, fencing, and garage door. After the storm, Plaintiffs filed a claim with their insurance company, Allstate , for the damage to their home caused by the hail storm and/or windstorm.

12.     Plaintiffs submitted a claim to Allstate against the Policy for Roof Damage, Structural Damage, Water Damage, and Wind Damage sustained as a result of the hail storm and/or windstorm.

13.     Plaintiffs asked that Allstate cover the cost of repairs to the Property pursuant to the Policy.

14.     Defendant Allstate assigned Hampson as the individual adjuster on the claim. The adjuster assigned to Plaintiffs' claim were improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. This is evident in his report which failed to include all of the damages. Hampson both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate. Ultimately, Hampson's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained, which failed to include all of Plaintiffs' damages noted upon inspection. Hampson's inadequate

investigation of the claim was relied upon by the other Defendants in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

15.    Together, Defendant Allstate and Hampson set about to deny and/or underpay on properly covered damages. As a result of these defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiffs to repair their home, Plaintiffs' claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs has yet to receive the full payment to which they are entitled under the Policy.

16.    As detailed in the paragraphs below, Allstate wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Allstate underpaid some of Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

17.    To date, Allstate continues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their Property.

18.    Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiffs.

19.     Defendant Allstate misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

20.     Defendant Allstate failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21.     Defendants Allstate failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendant Allstate failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant Allstate's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

22.     Defendant Allstate failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant Allstate. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

23.     Defendants Allstate refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant Allstate failed to conduct a reasonable investigation. Specifically,

Defendant Allstate performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

24.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

25.     Defendant Allstate failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

26.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

27.     From and after the time Plaintiffs' claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full

Page 6

payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28. Defendant Allstate knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

29. As a result of Defendants Allstate's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing them with respect to these causes of action.

30. Plaintiffs' experience is not an isolated case. The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims. Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### a. CAUSES OF ACTION AGAINST ALLSTATE

31. Defendant Allstate is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

32. Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and Plaintiffs.

33. Defendant Allstate's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under

the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

### UNFAIR SETTLEMENT PRACTICES

34. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

35. Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36. Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37. Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38. Defendant Allstate's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a

reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

### THE PROMPT PAYMENT OF CLAIMS

40.     Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

41.     Defendant Allstate's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

42.     Defendant Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

43.     Defendant Allstate's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

44.     Defendant Allstate's conduct constitutes a breach of the common law duty of good faith
         and fair dealing owed to insureds in insurance contracts.

45.     Defendant Allstate's failure, as described above, to adequately and reasonably investigate
         and evaluate Plaintiffs' claim, although, at that time, Allstate knew or should have known
         by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a
         breach of the duty of good faith and fair dealing.

### FRAUD

46.     Defendant Allstate is liable to Plaintiffs for common law fraud.

47.     Each and every one of the representations, as described above, concerned material facts for
         the reason that absent such representations, Plaintiffs would not have acted as they  did,
         and which Defendant Allstate  knew were false or made recklessly without any knowledge
         of their truth as a positive assertion.

48.     The statements were made with the intention that they should be acted upon by Plaintiffs,
         who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury
         and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

49.     Defendants Allstate is liable to Plaintiffs for conspiracy to commit fraud.  Defendant
         Allstate and Hampson were members of a combination of two or more persons whose
         object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In
         reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs,
         Defendant Allstate committed an unlawful, overt act to further the object or course of
         action.  Plaintiffs suffered injury as a proximate result.

## KNOWLEDGE

50.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

51.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

52.   As previously mentioned, the damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant Allstate's mishandling of Plaintiffs' claim in violation of the laws set forth above.

53.   For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

54.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

55.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

56.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

57.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

58.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the below signed attorneys. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully Submitted,

Cristobal M. Galindo, P.C

Page 12

Cristobal M. Galindo
Texas Bar No. 24026128
4151 Southwest Freeway, Suite 602
Houston, Texas 77027
T: 713.228-3030 / F: 713.228-3003
E-Mail: StormCase@galindolaw.com
**ATTORNEY FOR PLAINTIFF**

Page 13